CD/IL PROB12C
(Rev. 12/04)

# United States District Court

## for

## CENTRAL DISTRICT OF ILLINOIS

### Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| **NAME/ADDRESS OF OFFENDER:** | Malinda A. Pryor<br>1316 Jackson<br>Quincy, Illinois 62301 | **CASE NUMBER:** 06-30011-001 |

**SENTENCING JUDICIAL OFFICER:**   Jeanne E. Scott
                                    U.S. District Judge

**ORIGINAL SENTENCE DATE:**   September 18, 2006

**ORIGINAL OFFENSE:**   Fraudulent Issuance of Postal Money Orders

**ORIGINAL SENTENCE:**   One month custody of the Bureau of Prisons and 36 months supervised release with the following special conditions: 1) Serve nine months in home confinement during her term of supervision. Shall sign the rules of home confinement/electronic monitoring and comply with the conditions of home confinement; 2) Not own, purchase, or possess a firearm, ammunition, or other dangerous weapon; 3) Not incur any new debts or open any additional lines of credit or transfer or liquidate any assets without prior approval of the probation officer; 4) Provide the probation officer access to any requested financial information including both business and personal income tax returns; 5) Participate in a program of job training or employment counseling as directed; and 6) If unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, shall perform at least 20 hours of community service work per week until gainfully employed.

On February 12, 2007, the Court deleted the mandatory drug testing condition.

**TYPE OF SUPERVISION:**   Supervised Release

**DATE SUPERVISION COMMENCED:**   February 2, 2007

**ASSISTANT U.S. ATTORNEY:**   Patrick Chesley

**DEFENSE ATTORNEY:**   Douglas Beevers

---

**PETITIONING THE COURT**

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | **FAILED TO SUBMIT MONTHLY SUPERVISION REPORTS IN A TIMELY MANNER** |

STANDARD CONDITION NO. 2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

- A. The defendant failed to submit her monthly supervision report for February 2007, which was due no later than March 5, 2007, as required. The report was not received until **April 27, 2007.**

- B. The defendant failed to submit her monthly supervision report for March 2007, which was due no later than April 5, 2007, as required. The report was not received until **April 27, 2007.**

- C. The defendant failed to submit her monthly supervision report for July 2007, which was due no later than August 5, 2007, as required. The report was not received until **August 20, 2007.**

- D. The defendant failed to submit her monthly supervision report for August 2007. The report was due no later than **September 5, 2007.**

2. **FAILED TO COMPLY WITH RESTITUTION PAYMENT AGREEMENT**

STANDARD CONDITION NO. 3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

The defendant signed a Payment Agreement on **May 18, 2007,** requiring her to make monthly special assessment/restitution payments on the 15th day of each month in the amount of $50. To date, no payments have been received.

3. **FAILED TO SECURE EMPLOYMENT**

STANDARD CONDITION NO. 5: The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

The defendant has been allowed to leave her residence on Monday, Tuesday, and Thursday, from 1:00 p.m. to 4:00 p.m. to seek employment. The defendant has failed to secure employment since her supervision began on **February 2, 2007.**

4.  **FAILED TO COMPLY WITH HOME CONFINEMENT PARTICIPANT AGREEMENT**

    SPECIAL CONDITION NO. 1:  The defendant shall serve nine months in home confinement during her term of supervision.  The home confinement will start as soon as possible after her supervision begins.  She shall sign the rules of home confinement/electronic monitoring and comply with the conditions of home confinement.  During this time, she will remain at her place of residence except for employment and other activities approved in advance by her probation officer.  She shall wear an electronic monitoring (EM) device and she shall pay the cost of the program as directed by her probation officer.

    On February 23, 2007, the defendant signed and received a copy of the Home Confinement Program Participant Agreement which required her to submit copies of her telephone bill each month.  On August 29, 2007, the defendant was mailed a letter directing her to submit copies of phone bills for March, April, May, June, and July 2007, no later than **September 10, 2007.**  To date, no phone bills have been received.

**U.S. Probation Officer Recommendation:**

  [X]  The term of supervision should be
       [X]  revoked
       [ ]  extended for  years, for a total term of  years.

  [ ]  The conditions of supervision should be modified as follows:

                           I declare under penalty of perjury that the foregoing is true and correct.

                           s/Mark A. Estock
                           U.S. Probation Officer
                           Date: October 18, 2007

MAE/mae/abc

---

**THE COURT ORDERS:**

[ ]  No action

[ ]  The issuance of a warrant

[X]  The issuance of a summons

[ ]  Other:

                    s/ Jeanne E. Scott
                  JEANNE E. SCOTT
              UNITED STATES DISTRICT JUDGE

              Date:  October 18, 2007